```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF INDIANA
                             FORT WAYNE DIVISION

RICKY LYNN JACKSON, SR.,            )
                                    )
Plaintiff,                          )
                                    )
vs.                                 )    CAUSE NO. 1:14-CV-368
                                    )
DARRELL HIMELICK, et al.,           )
                                    )
Defendants.                         )
```

OPINION AND ORDER

This matter is before the court on the complaint filed pursuant to 42 U.S.C. § 1983 by Ricky Lynn Jackson, Sr., *a pro se* prisoner, on November 24, 2014. For the reasons set forth below, the court: (1) **DIRECTS** the clerk to place this cause number on a blank 42 U.S.C. § 1983 Prisoner Complaint form and send it to Ricky Lynn Jackson, Sr.; (2) **GRANTS** Ricky Lynn Jackson, Sr., until April 16, 2015, to file an amended complaint; and (3) **CAUTIONS** Ricky Lynn Jackson, Sr., that if he does not respond by that deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

BACKGROUND

Jackson alleges that on September 25, 2014, a fellow inmate punched him in the face with a closed fist causing an abrasion to the inside of his bottom lip and injuring his back. He alleges that Lt. Jail Commander Cathy Lee failed to give the inmate his psychiatric medication that day. He alleges that Lt. Jail Commander

Cathy Lee placed him in a one man holding cell for fighting even though he was acting in self defense. He alleges that Sheriff Darrell Himelick, Lt. Jail Commander Cathy Lee, and Captain Randy Albertson refused him medical treatment for his back and refused to file charges against his attacker.

DISCUSSION

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). However, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

At the time of these events, it is unclear whether Jackson was a convicted prisoner or a pre-trail detainee at the jail. "Although the Eighth Amendment applies only to convicted persons, pretrial detainees . . . are entitled to the same basic protections under

the Fourteenth Amendment's due process clause. Accordingly, [courts] apply the same legal standards to deliberate indifference claims brought under either the Eighth or Fourteenth Amendment." *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010).

When an inmate is attacked by another inmate, the Constitution is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). General requests for help and expressions of fear are insufficient to alert guards to the need for action. *Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008). Here, Jackson does not allege that he expressed any concerns about the other inmate prior to the attack. Neither does he explain how Jail Commander Lee knew that the inmate would become violent toward Jackson if he missed his medication. Based on these allegations, he has not stated a claim for failing to protect him.

Jackson is also suing Jail Commander Lee for placing him in a one man holding cell for fighting even though he was acting in self defense. However, "inmates do not have a constitutional right to raise self-defense as a defense in the context of prison disciplinary proceedings." *Jones v. Cross*, 637 F.3d 841, 848 (7th

Cir. 2011). After the fight, it was necessary for the jail to re-establish order and "[c]oncerns of security are to be given 'particular sensitivity.'" *Koger v. Bryan*, 523 F.3d 789, 800 (7th Cir. 2008). "[A] prison's internal security is peculiarly a matter normally left to the discretion of prison administrators [because p]rison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Whitley v. Albers*, 475 U.S. 312, 321–22 (1986) (quotation marks and ellipsis omitted). Thus, Jackson has not stated a claim for being placed in a holding cell after the fight.

Jackson alleges that the defendants refused to file charges against his attacker. However, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Del Marcelle v. Brown Cnty. Corp.*, 680 F.3d 887, 901 (7th Cir. 2012) *quoting Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Therefore this does not state a claim.

Finally, Jackson alleges that the defendants denied him medical treatment. In medical cases, the Constitution is violated only when a defendant was deliberately indifferent to an inmate's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner,

*i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted). "Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless." *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Even incompetence does not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000).

Here, Jackson has not explained how serious an injury he suffered to his back. The injury to his lip was minor and it cannot be inferred that seeing it would have put anyone on notice that he had a back injury. Jackson does not explain what each individual defendant knew about his injury and how each one learned about it. Though it is clear that he did not receive immediate medical attention for his back, Jackson has not explained why he needed immediate treatment. Neither does he say if or when he did receive treatment for his back. Has he seen a doctor or nurse at the jail

since the attack? When? What diagnosis was made and treatment prescribed?

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Here, Jackson has not plausibly alleged that any of these defendants were deliberately indifferent to a serious medical need. Therefore this complaint does not state a claim.

Nevertheless, because Jackson might be able to provide additional facts which could state a claim for the denial of medical treatment against one or more of the defendants, he will be granted leave to file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). In the amended complaint he needs to clearly explain his back injury and what treatment he has received for it. He needs to describe what each defendant personally knew about his back injury and how each defendant learned about it as well as how each defendant responded.

CONCLUSION

For the reasons set forth above, the court: (1) **DIRECTS** the clerk to place this cause number on a blank 42 U.S.C. § 1983 Prisoner Complaint form and send it to Ricky Lynn Jackson, Sr.; (2) **GRANTS** Ricky Lynn Jackson, Sr., until April 16, 2015, to file an amended complaint; and (3) **CAUTIONS** Ricky Lynn Jackson, Sr., that if he does not respond by that deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

DATED: March 6, 2015 /s/RUDY LOZANO, Judge
United State District Court