IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RICKY LYNN JACKSON, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 1:14-CV-368 |
| | ) |
| DARRELL HIMELICK, *et al.*, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

This matter is before the Court on the amended complaint filed pursuant to 42 U.S.C. § 1983 by Ricky Lynn Jackson, Sr., *a pro se* prisoner, on June 12, 2015. For the reasons set forth below, the Court: (1) **GRANTS** Ricky Lynn Jackson, Sr., leave to proceed on a Fourteenth Amendment claim for compensatory damages against Lt. Jail Commander Cathy Lee in her individual capacity for taking his medically prescribed extra mat on May 9, 2015; (2) **DISMISSES** all other claims; (3) **DISMISSES** Sheriff Darrell Himelick and Captain Randy Albertson; (4) **DIRECTS** the Clerk to transmit the summons and USM-285 forms (DE 5-1 at 1-2 and DE 5-2 at 3) for Lt. Jail Commander Cathy Lee to the United States Marshals Service along with a copy of the amended complaint (DE 28) and this order; (5) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Lt. Jail Commander Cathy Lee; and (6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Lt. Jail Commander Cathy Lee respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the

claim for which the plaintiff has been granted leave to proceed in this screening order.

BACKGROUND

Jackson alleges that on September 25, 2014, after fighting with a fellow inmate, Lt. Jail Commander Cathy Lee ordered that he be placed in a one man holding cell and charged with fighting. He alleges that he complained to the guard who placed him in the holding cell that he needed immediate medical attention. He alleges that guard told another guard who responded by repeating that Lt. Lee had ordered that Jackson be placed in the holding cell. On October 1, 2014, Lt. Lee visited his cell and had him taken to medical for a free examination of his hand. Jackson alleges that he also needed treatment for his back, but that she told him that he was required to pay a $15.00 co-pay. On November 25, 2015, he was seen by medical staff for his back and provided with treatment which included an extra bed mat. On May 9, 2015, he alleges that Lt. Lee took his extra mat without a doctor's approval. Jackson filed grievances about these events with Sheriff Darrell Himelick and Captain Randy Albertson, but they did not respond.

DISCUSSION

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). However, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not

shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

At the time of these events, Jackson was a pre-trail detainee at the jail. "Although the Eighth Amendment applies only to convicted persons, pretrial detainees . . . are entitled to the same basic protections under the Fourteenth Amendment's due process clause. Accordingly, [courts] apply the same legal standards to deliberate indifference claims brought under either the Eighth or Fourteenth Amendment." *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010).

Jackson is suing Lt. Lee for ordering his placement in a one man holding cell and charging him with fighting. Jackson argues that he was acting in self defense. However, "inmates do not have a constitutional right to raise self-defense as a defense in the context of prison disciplinary proceedings." *Jones v. Cross*, 637 F.3d 841, 848 (7th Cir. 2011). After the fight, it was necessary for the jail to re-establish order and "[c]oncerns of security are to be given 'particular sensitivity.'" *Koger v. Bryan*, 523 F.3d 789, 800 (7th Cir. 2008). "[A] prison's internal security is peculiarly a matter normally left to the discretion of prison

administrators [because p]rison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Whitley v. Albers*, 475 U.S. 312, 321–22 (1986) (quotation marks and ellipsis omitted). Thus, Jackson has not stated a claim for being placed in a holding cell or for being charged with fighting.

Jackson alleges that Lt. Lee denied him medical treatment by ordering his placement in the holding cell. However, he does not allege that she knew of his injuries when she gave that order. Though he alleges that he told guards that worked for her, there is no general respondeat superior liability under 42 U.S.C. § 1983, so the allegation someone else knew about his need for medical treatment does not state a claim against her. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Nevertheless, it is clear she knew of his need for medical treatment once she visited his cell on October 1, 2014. However, she did not deny him medical care on that date. Rather he had his hand examined by medical staff without cost. Jackson complains that he needed treatment for his back but that she denied him that treatment by requiring that he pay a $15.00 co-pay. However, the Constitution does not require

free medical care, *Poole v. Isaacs*, 703 F.3d 1024, 1027 (7th Cir. 2012), and Jackson had as much as $34.49 in his commissary account on that day. DE 6 at 10. On many days thereafter and before he was ultimately seen for his back on November 25, 2014, he had more than $15.00 in his account, but he decided to spend it on other things. DE 6 at 10-14. Because he was able to afford to pay for medical treatment, Lt. Lee did not deny him care by requiring that he do so.

Jackson alleges that Lt. Lee took his medically prescribed extra mat on May 9, 2015. In medical cases, the Constitution is violated only when a defendant was deliberately indifferent to an inmate's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted). "Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless." *Pierson v. Hartley*, 391 F.3d 898, 902

(7th Cir. 2004) (citations omitted). It is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Even incompetence does not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000). Here, it is plausible to infer that Jackson is alleging that Lt. Lee knew that his extra mat had been prescribed by a doctor and that she was denying him medical treatment when she took it. Therefore he will be granted leave to proceed on this claim.

Finally, Jackson alleges that Sheriff Darrell Himelick and Captain Randy Albertson did not respond to his grievances. However, "the alleged mishandling of [his] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).

> [The] view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right."

*Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Thus Jackson does not state a claim against either Sheriff Himelick or Captain Albertson and they will be dismissed.

CONCLUSION

For the reasons set forth above, the Court: (1) **GRANTS** Ricky Lynn Jackson, Sr., leave to proceed on a Fourteenth Amendment claim for compensatory damages against Lt. Jail Commander Cathy Lee in her individual capacity for taking his medically prescribed extra mat on May 9, 2015; (2) **DISMISSES** all other claims; (3) **DISMISSES** Sheriff Darrell Himelick and Captain Randy Albertson; (4) **DIRECTS** the Clerk to transmit the summons and USM-285 forms (DE 5-1 at 1-2 and DE 5-2 at 3) for Lt. Jail Commander Cathy Lee to the United States Marshals Service along with a copy of the amended complaint (DE 28) and this order; (5) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Lt. Jail Commander Cathy Lee; and (6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Lt. Jail Commander Cathy Lee respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

DATED: August 10, 2015          /s/RUDY LOZANO, Judge
                                              United State District Court