# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| RICKY LYNN JACKSON, SR., | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO. 1:14-cv-00368-RL-SLC |
| DARRELL HIMELICK, *et al.*, | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff Ricky Lynn Jackson, Sr., a *pro se* prisoner, filed a letter asking to be appointed counsel in this civil lawsuit. (DE 78). "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (citing *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)). However, in some circumstances, the court may ask an attorney to volunteer to represent indigent parties. "When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 654. Here, Jackson has made a reasonable attempt to obtain counsel on his own.

Jackson argues that this case involves medical issues and may require expert testimony. However, there does not appear be a medical dispute which would require expert testimony. The only question here is whether Lt. Jail Commander Cathy Lee denied Jackson medical treatment by taking his medically prescribed extra mat on May

9, 2015. This is not a case about whether (nor even why) he needed the mat, only whether he was unconstitutionally denied the mat. Jackson argues that this case will require the discovery of documents and depositions. However, Jackson is literate and coherent. He is knowledgeable about his case. The issue is limited and focused. There is only one defendant and Jackson knows what happened. To the extent that he needs documents, there is no reason to believe that he is incapable of preparing a request for production of documents and sending a copy to defense counsel and the Court. Neither is Jackson incapable of writing the questions he wants to ask the Defendant and sending those written interrogatories to defense counsel and the Court.

"Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases. District courts are thus placed in the unenviable position of identifying, among a sea of people lacking counsel, those who need counsel the most." *Olson*, 750 F.3d at 711. Here, because Jackson appears competent to litigate this case on his own, his request (DE 78) that the court recruit counsel for him is DENIED.

SO ORDERED.

Entered this 13th day of May 2016.   /s/ Susan Collins
Susan Collins,
United States Magistrate Judge