IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

RICKY LYNN JACKSON, SR.,           )
                                    )
Plaintiff,                          )
                                    )
vs.                                 )   CAUSE NO. 1:14-CV-368
                                    )
CATHY LEE,                          )
                                    )
Defendant.                          )

**OPINION AND ORDER**

This matter is before the court on the motion for summary judgment filed by Defendant Cathy Lee on August 26, 2016. For the reasons set forth below, the court **GRANTS** the summary judgment motion (DE 91) and **DIRECTS** the clerk to close this case.

BACKGROUND

Ricky Lynn Jackson, Sr., a pro se prisoner, is proceeding in this case on a claim for compensatory damages against Jail Commander Cathy Lee in her individual capacity for denying him medical treatment in violation of the Fourteenth Amendment by taking his medically prescribed extra mat on May 9, 2015, while he was a pre-trial detainee at the Grant County Jail.

DISCUSSION

In ruling on a motion for summary judgment, a court must view all facts in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).* A court

must avoid the temptation to "make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). Summary judgment is not a substitute for a trial on the merits or a vehicle for resolving factual disputes. *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Instead, the court's sole task in ruling on a motion for summary judgment is "to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Payne*, 337 F.3d at 770. If a reasonable factfinder could find in favor of the nonmoving party, summary judgment may not be granted. *Id.*

> The Eighth Amendment's ban on 'cruel and unusual punishments' requires prison officials to take reasonable measures to guarantee the safety of inmates, including the provision of adequate medical care." *Minix v. Canarecci*, 597 F.3d 824, 830 (7th Cir. 2010). We note that some members of the class are pretrial detainees and that "the Eighth Amendment applies only to convicted persons." *Id.* at 831. However, in this context, the present case law holds that "pretrial detainees ... are entitled to the same basic protections under the Fourteenth Amendment's due process clause. Accordingly, we apply the same legal standards to deliberate indifference claims brought under either the Eighth or Fourteenth Amendment." *Id.; see also Smentek*, 683 F.3d at 374. *But see Kingsley v. Hendrickson*, --- U.S. ----, 135 S.Ct. 2466, 2475, 192 L.Ed.2d 416 (2015) (holding that there are different standards for sentenced prisoners and pretrial detainees in the case of excessive force claims).

*Phillips v. Sheriff of Cook Cty.*, 828 F.3d 541, 554 n. 31 (7th Cir. 2016).

Here, it is undisputed that Jackson received medical authorization for an extra mat in December 2014. DE 92-2 at 2 and DE 97 at 3. It is undisputed that medical authorization was revoked on April 15, 2015, because an extra mat was not medically necessary. DE 93-11 and DE 97 at 5. It is undisputed that Corporals Marden and Pearson took Jackson's extra mat on May 9, 2015. DE 93-2 at 2 and DE 97 at 4. As such, Jackson did not have medical authorization for an extra mat when it was taken. Though the parties dispute whether Defendant Lee ordered the removal of the mat and why it was taken, those are not material to resolving this case. Though Jackson argues that Lee knew he had a medical need for the mat, non-medical staff rely on medical experts and are "entitled to relegate to the prison's medical staff the provision of good medical care." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Medical staff determined that Jackson did not need an extra mat. Therefore the undisputed facts show that Defendant Cathy Lee did not violate the Fourteenth Amendment when the extra mat was taken from Jackson.

CONCLUSION

For the reasons set forth above, the court **GRANTS** the summary judgment motion (DE 91) and **DIRECTS** the clerk to close this case.

DATED: February 15, 2017        /s/RUDY LOZANO, Judge
                                United State District Court

-3-